[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15582

_____

D.C. Docket No. 1:12-cv-00272-WS-N

JULIE HOWELL,

Plaintiff-Appellant,

versus

CORRECTIONAL MEDICAL SERVICES, a.k.a. Corizon, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 9, 2015)

Before JORDAN and JULIE CARNES, Circuit Judges, and ROBREÑO,[*] District
Judge.

_____

[*] Honorable Eduardo C. Robreño, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

PER CURIAM:

Plaintiff Julie Howell appeals the district court's grant of judgment as a matter of law in favor of Defendant Correctional Medical Services on her race discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981.  Because we write for the parties, we assume familiarity with the underlying facts of the case.  Essentially, Plaintiff claims that Defendant discriminated against her by subjecting her to a racially-hostile work environment, and then retaliated against her when she complained about it.  After reviewing the parties' briefs and the record, and with the benefit of oral argument, we affirm in part and reverse in part.

As to Plaintiff's race discrimination claim, we affirm the judgment in favor of Defendant for the reasons stated in the district court's order.  Based on the evidence presented at trial, the district court held that Plaintiff had failed to show she was subjected to severe or pervasive racial harassment, as required to support a hostile work environment claim.  We agree with this holding.

With respect to the retaliation claim, however, we reverse.  To prevail on this claim, Plaintiff had to show that she engaged in "statutorily protected" activity and that, as a result, her employer retaliated against her by imposing an "adverse employment action." *Alvarez v. Royal Atl. Dev., Inc.*, 610 F.3d 1253, 1268 (11th Cir. 2010).  Plaintiff argues that her complaints about workplace harassment

constituted protected activity under Title VII's opposition clause, which prohibits retaliation against an employee because she "has opposed . . . an unlawful employment practice."  42 U.S.C. § 2000e-3(a).

Plaintiff did not have to prove that the underlying conduct about which she complained actually violated Title VII or § 1981 in order to prove that she engaged in statutorily protected activity.  *Little v. United Tech., Carrier Transicold Div.*, 103 F.3d 956, 959-60 (11th Cir. 1997).  But she did have to show that she not only believed, in good faith, that the conduct did violate the law, but also that this belief was objectively reasonable in light of the facts and the law.  *Id.*; *see also Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008) (citation omitted).

The district court held that Plaintiff could not meet this requirement, because her belief that she was subjected to a hostile work environment was objectively unreasonable in light of the substantive law and the evidence presented.  Although it is a close call, we do not agree.  Even though Plaintiff failed to support her hostile work environment claim with evidence of severe or pervasive harassment, the various workplace incidents, particularly the racially-tinged comments taken in tandem with the medicine cart incident, were sufficient to render objectively reasonable Plaintiff's good faith belief that she was opposing an unlawful employment practice.  *Cf. Butler*, 536 F.3d at 1213-14 (holding that the plaintiff's complaint about a co-worker's "one-time use of vile language away from work"

3

could not support a retaliation claim under the opposition clause); *Clover v. Total Sys. Serv., Inc.*, 176 F.3d 1346, 1351 (11th Cir. 1999) ("We do not mean to hold that the conduct opposed must actually be . . . harassment, but it must be close enough to support an objectively reasonable belief that it is.  The conduct [the plaintiff] described misses the mark by a country mile.").

Accordingly, we reverse the district court's ruling and remand the case for trial on the retaliation claim.[1]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[1]  With only a two-sentence argument, Plaintiff asserts in her opening brief that the district court dismissed her state-law claim "solely on the basis that her federal claims lacked objective reasonableness."  Accordingly, Plaintiff argues that our reversal of the court's decision will "preserve the viability of her state claim."

In its response brief, Defendant notes that Plaintiff's assertion is inaccurate in that the court dismissed Plaintiff's state-law claim for negligent supervision and hiring on two independent grounds:  (1) that Plaintiff had failed to prove that she was subjected to a hostile work environment and (2) that an Alabama state-law claim for negligent supervision and hiring cannot be premised on an alleged violation of Title VII or § 1981.  As to the latter ground, Defendant reiterated the district court's holding that such a claim requires proof that the underlying conduct constitutes a common-law Alabama tort, and proof of a federal cause of action under Title VII does not meet this requirement.  Defendant also supplied case law authority for this proposition.

Plaintiff declined to respond to Defendant's argument that the district court based its dismissal of the state-law claim on a ground whose viability continued regardless of our disposition of the ruling on the federal claims.  In fact, Plaintiff formally waived the filing of a reply brief.  We have reviewed the district court's order and Defendant has accurately summarized the basis for the court's ruling.  Further, before us, Plaintiff does not dispute the correctness of the district court's dismissal of the state-law claim based on the above ground.  Accordingly, we do not disturb the district court's dismissal of this claim.

4